for, had thus builded up an equitable claim as against Mrs. Stevenson, after having involved her in mechanics' liens to the extent of more than $3,000, is going a long way about to approximate justice, to say the least, and we should be reluctant to find a way of reaching back to the original decision in a case of this character. It is true, of course, that the plaintiff appealed from the order refusing to strike out the added clause to the judgment; but he had the advantage of the judgment for security, so far as it could be of any advantage, and the present judgment seems to meet the requirements of the case. All that intervened did not operate to prejudice any legitimate right of the plaintiff, and the judgment and orders appealed from should be affirmed, with costs.

Judgment amended, by providing that the redemption mentioned in section 5 of the judgment may be made within 30 days from the time the judgment is entered on this decision, and, as so amended, judgment and orders affirmed, with costs.

SMITH, P. J., and LYON and HOWARD, JJ., concur.

KELLOGG, J., dissents.

---

ENSANIAN v. NEW YORK CENT. & H. R. R. CO.    (No. 217/3.)

(Supreme Court, Appellate Division, Third Department.    November 10, 1915.)

PLEADING ☞239—AMENDMENTS—COSTS.

    Under Code Civ. Proc. § 723, providing that the court may, at any stage of the action, in furtherance of justice and on terms, permit amendment of the pleadings, an order allowing plaintiff, an administratrix, without funds of the estate aside from the cause of action and unable to pay costs, to amend, with taxable costs to the defendant to abide the event of the action, was proper, since, in view of the destitute condition of the estate and of the administratrix, the terms imposed were just.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626–635; Dec. Dig. ☞239.]

Appeal from Special Term, Albany County.

Action by Takouhi Muzglian Ensanian, as administratrix, etc., against the New York Central & Hudson River Railroad Company. From an order giving plaintiff leave to serve an amended complaint, and awarding taxable costs to the defendant to abide the event of the action, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Visscher, Whalen & Austin, of Albany, for appellant.

John F. Murray and William H. Murray, both of Troy, for respondent.

JOHN M. KELLOGG, J. The appellant contends that the costs should have been imposed as a condition of the amendment and that it was error to make them abide the event of the trial.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Under section 723 of the Code of Civil Procedure the court may, upon the trial or at any stage of the action, "in furtherance of justice and upon such terms as it deems just," amend the pleadings. The court upon the trial held that an amendment was necessary, and withdrew a juror so that an application could be made at Special Term. It appears by the moving papers that the plaintiff is out of funds, almost penniless, and practically destitute, there being no property or money of the estate of the intestate aside from the cause of action. If the court had permitted the amendment upon condition that she pay the costs, it would have been equivalent to denying the amendment, as the payment of costs was beyond her ability. In that case the amendment would not have been made on just terms.

Considering the destitute condition of the estate and of the administratrix, the party to be benefited by the action, the terms imposed were just. The order should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.